UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LOCUS TELECOMMUNICATIONS, INC., | : : : : | Civil Action No. 14-1205 (SRC) |
| Plaintiff, | : : | OPINION |
| v. | : : |  |
| TALK GLOBAL, LLC, et al., | : : |  |
| Defendants. | : : |  |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by Defendant Expansys, Inc. ("Expansys") to dismiss the Amended Complaint's Lanham Act claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Expansys also moves for the dismissal of the remainder of the claims, which assert state law causes of action, for lack of federal subject matter jurisdiction. Plaintiff, Locus Telecommunications, Inc. ("Plaintiff" or "Locus") has opposed the motion. The Court has considered the papers filed by the parties. For the reasons that follow, the Lanham Act claim will be dismissed for failure to state a claim upon which relief can be granted. Additionally, having found that the only federal cause of action in this case must be dismissed, the Court will, pursuant to 28 U.S.C. § 1367(c), decline to exercise supplemental jurisdiction over the state law claims and accordingly dismiss the entire action without prejudice for lack of subject matter jurisdiction.

1

Expansys has also filed a motion for the imposition of sanctions against Plaintiff and its counsel pursuant to Federal Rule of Civil Procedure 11. The motion for Rule 11 sanctions will be denied.

**I.     BACKGROUND**

This lawsuit arises out of an allegedly false statement made by Defendant Expansys on a website promoting its product, personal identification numbers ("PINs") used to add minutes to prepaid cell phones. According to the Amended Complaint, Plaintiff Locus is engaged in the business of re-selling such PINs to distributors, which in turn sell them to retailers for sale to consumers. Locus alleges that Expansys operated a website named Prepay Planet through which consumers would be able to redeem their PINs to refill prepaid plans with various wireless carriers. It further alleges that the Prepay Planet website touted the Expansys PINs as "The Easiest Way To Refill a USA PrePay Plan." This statement, the Amended Complaint avers, influenced Locus to purchase the Expansys PINs. However, according to Locus, contrary to the statement, the PINs did not perform as promoted. Locus alleges that it received information "from its customers that the Prepay Planet website ceased to function properly thereby precluding Locus, its retailers, and PIN purchasers from being able to redeem Expansys PINs." (Am. Compl. ¶ 35.) As a result of Expansys's allegedly misleading statement, the Amended Complaint avers, Locus has suffered "injuries in the form of declining sales and loss of good will." (Id. ¶ 129.)

Based on these allegations, Locus asserts a claim for violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), claiming that the representation made by Expansys, that its PINs are the easiest way to refill a prepaid cell phone plan, constitutes false advertising. Locus

filed this lawsuit in federal court, claiming subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).  The Amended Complaint sets forth 16 counts, and all but the Lanham Act claim seek relief pursuant to state law claims.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

##   II.   MOTION TO DISMISS

Expansys moves for dismissal of the Lanham Act false advertising claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.)  Following Iqbal and Twombly, the Third Circuit has held that, to prevent dismissal of a claim, the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).  While the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation."  Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678.

The Lanham Act "protect[s] persons engaged in . . . commerce [within the control of Congress] against unfair competition." 15 U.S.C. § 1127. Section 43(a) of the statute authorizes suit by "any person who believes that he or she is likely to be damaged" by a defendant's false advertising. 15 U.S.C. § 1125(a)(1). As with other statutory causes of action, a Lanham Act false advertising claim may be asserted only by plaintiffs "whose interests 'fall within the zone of interests protected by the law invoked.'" Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1388 (2014) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)). The "'breadth of the zone of interests varies according to the provisions of the law at issue.'" Id. at 1389 (quoting Bennett v. Spear, 520 U.S. 154, 163 (1997)). In Lexmark, the Supreme Court examined the purpose and intent of the Lanham Act to hold that "to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege injury to a commercial interest in reputation or sales." Id. at 1390.

In the Amended Complaint, Locus alleges that the inferiority of the Expansys product, or in other words, its failure to perform as promised by the statement that the PINs were the easiest way to refill prepaid plans, led to consumer disappointment and frustration, which in turn decreased sales by Locus and hurt its reputation. Despite the Amended Complaint's use of the Lanham Act terminology to describe the harm allegedly suffered by Locus, the injury of which Locus complains does not stem from conduct by Expansys which unfairly diminished Locus's competitive position in the marketplace. Rather, it stems from Locus's inducement to purchase the Expansys PINs by the allegedly deceitful and/or misleading statement made by Expansys to promote that product. This injury by one "hoodwinked into purchasing a disappointing product" is precisely the type of harm the Lexmark Court was careful to distinguish as falling outside the Lanham Act's purview. Id. The fact that Locus purchased the PINs for resale does not alter its

4

role as a purchaser in the subject transaction with Expansys. Though labeled as "declining sales and a loss of good will," the injuries allegedly caused by the "false advertising" by Expansys flow from Locus's purchase of the allegedly non-functioning PINs. Indeed, the Lexmark Court emphasized that "[e]ven a business misled by a supplier into purchasing an inferior product is, like consumers generally, not under the [Lanham] Act's aegis." Id. In contrast, a Lanham Act claim for false advertising requires some deception by the defendant which causes consumers to withhold trade from the plaintiff. Id. at 1391. But for the purchase by Locus of the Expansys PINs, which Locus claims was induced by deceit, Locus would not have a cause of action to assert against Expansys.

Moreover, the Court discerns no prospect of amending the claim to plead facts that will state a cognizable false advertising claim. The allegations, taken as true, indicate that the complained-of conduct involves Locus and Expansys as purchaser and seller, respectively, and not as competitors. As such, the Court will dismiss the Lanham Act claim without granting Locus leave to file a further Amended Complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (holding that upon granting a defendant's motion to dismiss a deficient complaint, a district court should grant the plaintiff leave to amend within a set period of time, unless amendment of the complaint would be inequitable or futile).

This result disposes of the only federal cause of action in this case, thus eliminating the basis upon which this Court may exercise federal subject matter jurisdiction. The remainder of the claims in the Amended Complaint are state law claims, over which this Court exercises supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Subsection (c) of this statutory provision, however, authorizes courts to decline the exercise of supplemental jurisdiction once it dismisses "all claims over which it had original jurisdiction . . . ." 28 U.S.C. § 1367.

Supplemental, or pendent jurisdiction "'is a doctrine of discretion, not of plaintiff's right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172 (1997) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). Here, the Court can ascertain no circumstances that would justify the exercise of jurisdiction over what is now a purely state law dispute. Gibbs, 383 U.S. at 726–27 ("[I]f all the federal claims are dismissed before trial, even though not insubstantial in the jurisdictional sense, the state claims should be dismissed as well.").

### III.  RULE 11 SANCTIONS

Expansys moves for an order imposing sanctions on Locus and its counsel, on the grounds that the Lanham Act claim was patently frivolous and that this action was therefore initiated without a reasonable legal basis for that claim. Rule 11 imposes an affirmative duty on an attorney and/or a party to conduct a reasonable inquiry into the factual and legal bases of all claims before filing any document with the court. Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 551 (1991); Bensalem Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir.1994). In relevant part, Rule 11 provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . .

Fed. R. Civ. P. 11(b)(2).

In determining whether a party or attorney has violated the duties of Rule 11, the Court must apply an objective standard of reasonableness under the circumstances. <u>Mary Ann Pensiero, Inc. v. Lingle</u>, 847 F.2d 90, 92 (3d Cir. 1988); <u>see also</u> <u>Brubaker Kitchens, Inc. v. Brown</u>, 280 F. App'x 174, 185 (3d Cir. 2008) ("It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court."). Rule 11 authorizes a court "to impose an appropriate sanction" on an attorney and/or party found to have violated the obligations of the rule. Fed. R. Civ. P. 11(c)(1). In this way, the rule seeks "to curb abusive litigation tactics and misuse of the court's process." <u>Gaiardo v. Ethyl Corp.</u>, 835 F.2d 479, 482 (3d Cir. 1987). The sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

The Court finds that Rule 11 sanctions are not warranted. While Expansys has demonstrated that Locus has failed to plead a plausible Lanham Act false advertising claim, the Court cannot conclude that Locus filed the claim upon frivolous grounds for contending that it fell within the Lanham Act's zone of interest, as articulated in <u>Lexmark</u>. At most, Locus and its counsel may have sought to expand the breadth of the <u>Lexmark</u> holding, and Rule 11 is not designed to deter good faith efforts to extend or modify existing law. In short, this situation does not present the "exceptional circumstances" for which Rule 11 sanctions are typically reserved. <u>Bensalem Twp.</u>, 38 F.3d at 1314.

**IV. CONCLUSION**

For the foregoing reasons, the Court will grant Expansys's motion to dismiss. The Lanham Act claim will be dismissed pursuant to Rule 12(b)(6). The remainder of the Amended Complaint will be dismissed for lack of subject matter jurisdiction, and the action will accordingly be closed. The Court will deny the motion for Rule 11 sanctions. An appropriate Order will be filed.

  s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: August 28, 2014